Scileppi, J.
(dissenting). It is inconceivable that judicial thinking can become so beclouded by unwarranted fears and spurious cries of censorship as to result in giving constitutional protection to “ Memoirs of a Woman of Pleasure ” (also known as “ Fanny Hill ”), by John Cleland. It is one of the foulest, sexually immoral, debasing, lewd and obscene books ever published, either in this country or abroad. It was written in the middle of the 18th Century and for many years was barred as an obscene book in Europe as well as in this country.
“ Fanny Hill” reeks with disgusting descriptions of natural and unnatural sexual experiences of a prostitute, so dealt with as to portray those baser instincts normally to be found in the animal kingdom. In my view, it is obscene by any of the established legal standards. If this classic example of pornography is not obscene, then I doubt if any written matter can ever be found to be obscene.
*408 The growing tendency to narrow the definition of obscenity and to demand impossible standards makes it virtually impossible to enforce any existing obscenity law or to enact any new legislation which can adequately protect our people from indecent and obscene publications. This is an incredible result which cannot long stand, for an aroused public is sure to bring about a change in the attitude that “ anything goes ” in the area of printed material and motion picture productions.
It is important to remember that the history of control of obscenity has deep roots in Anglo-Saxon traditions, and laws forbidding obscene publications are at least as old as printing. Obscenity is not the nebulous, indefinite thing which libertarians claim it is, and which some authors want it to be. It is well settled that obscenity is not entitled to constitutional protection (Roth v. United States, 354 U. S. 476). Our courts have dealt with this problem in the past. All we need do is apply existing law realistically.
The majority opinion here, in my view, sounds the death knell of the long-honored standards of American decency which have remained an integral part of our national heritage. I cannot agree that our society, even in 1964, has become so depraved that it has come to accept the kind of trash represented by “ Fanny Hill ” and similar books, the publishers and purveyors of which are now given unbridled permission to advertise obscenity for sale with complete immunity. It is difficult to believe that our forebears, in adopting the Constitution and the amendments that followed, ever intended this result. Freedom of the press is not an absolute—it must be balanced against the State’s inherent powers to enact legislation to protect its people. The First Amendment, guaranteeing freedom of speech and of the press, was never designed or intended to protect the purveyors of filth against the more important interests of our society as a whole. In balance, public decency and morality are more important than the deprivation resulting from the banning of noxious publications which seem to appeal to that small segment of our people whose baser instincts make reading of obscenity and pornography their favorite pastime.
The order herein should be affirmed.
*409 Judges Dye, Fuld and Van Voorhis concur with Judge Bergan; Chief Judge Desmond dissents in an opinion in which Judges Burke and Scileppi concur, the latter in a separate opinion in which Chief Judge Desmond and Judge Burke concur.
Order reversed, etc.